UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RATAN KUMAR NATH,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-01800-DC-CKD (HC)

ORDER GRANTING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS

(Doc. Nos. 1, 2, 8)

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

This court has previously addressed the legal issues raised by Count One of the petition (Doc. No. 1 at 11–12). Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL

1

3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On March 6, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 5.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* (*Id.*)

On March 9, 2026, Respondents filed their opposition to Petitioner's motion for a temporary restraining order in which they indicate they are "amenable to the Court ruling on the underlying petition for writ of habeas corpus," but contend that Petitioner's claim is distinguishable from *D.L.C.* because in that case, "it does not appear that parole expired before petitioner was re-detained," whereas here, "the government re-detained [] Petitioner because his parole terminated, and he was no longer authorized to be in the United States." (Doc. No. 7 at 1, 2.) However, as the court addressed at length in its order converting the temporary restraining order in *D.L.C.* into a preliminary injunction, the petitioner's parole *had* expired, but despite that expiration the petitioner maintained a liberty interest in his continued freedom such that respondents were constitutionally required to provide him with a pre-deprivation bond hearing before they could re-detain him. *D.L.C. v. Wofford*, No. 1:25-cv-01996-DC-JDP, 2026 WL 145656, at *4 (E.D. Cal. Jan. 20, 2026) ("[W]hile [Respondents] correctly note[] that Petitioner's parole release under § 1182 expired in May 2023, numerous courts in the Ninth Circuit have found that when a noncitizen is paroled under that section, his 'liberty interest [does] not expire along with his parole.'" (quoting *Omer G.G. v. Kaiser*, No. 1-25-cv-01471-KES-SAB, 2025 WL 3254999, at *5 (E.D. Cal. Nov. 22, 2025)). Further, numerous courts within the Ninth Circuit have required a pre-deprivation bond hearing where, as here, the petitioner's parole under § 1182 expires shortly before his re-detention. *See, e.g., Omer G.G.*, 2025 WL 3254999 at *5 (finding

2

that the petitioner was entitled to pre-deprivation bond hearing where he was detained approximately six weeks after parole expiration); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136–37 (W.D. Wash. 2025) (same as to a petitioner detained six months after parole expiration).

On March 12, 2026, Petitioner filed his reply indicating that he does not oppose the court ruling directly on his habeas petition.[1] (Doc. No. 8 at 6.)

Because Respondents do not present any facts or legal arguments that would distinguish Petitioner's claim from *D.L.C.*, the court will grant Petitioner's motion for a temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in the court's orders in *D.L.C.*.[2] Further, as the court found in *D.L.C.*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *D.L.C.*, 2026 WL 25511 at *7.

Accordingly,

1.     Petitioner's motion for leave to file a late reply (Doc. No. 8) is GRANTED;

2.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

    a.     Petitioner Ratan Kumar Nath shall be released immediately from Respondents' custody with the same conditions he was subject to immediately prior to his detention on January 13, 2026. Respondents shall

---

[1] Petitioner's reply was filed untimely by one day. Petitioner filed, together with his reply, a motion for leave to file the untimely reply. (Doc. No. 8.) Because Petitioner's reply was untimely by only one day, and because that untimely filing caused no prejudice to Respondents, the court will grant Petitioner's motion for leave to file his untimely reply and has considered his reply.

[2] Because the court is granting the petition on the due process claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Indeed, Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to Count One.

not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

    b.    If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

    c.    This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3.    The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:   __**March 16, 2026**__                     _____

                                                   Dena Coggins
United States District Judge